IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN B. TURNER,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD JORDAN ET AL.,<br><br>Defendants. | No. C 12-06516 CRB<br><br>**ORDER DENYING TEMPORARY RESTRAINING ORDER** |

This suit by Plaintiff Stephen Turner against Howard Jordan, the chief of the Oakland Police Department, and related entities challenges the Oakland Police Department's alleged policy of permitting sex offenders to register only on Thursday or Saturday of any given week. See generally dkt. 1. Turner says that policy violates California Penal Code section 290, and also violated Turner's First Amendment rights because Turner was forced to register on Saturday November 24, 2012, the Jewish Sabbath, when the police department was closed on Thanksgiving (Thursday, November 22, 2012).

Turner's suit includes five causes of action styled as follows: (1) "[i]ntentional violation of the Establishment Clause," dkt. 1 at 8; (2) negligent infliction of emotional distress, id. at 9; (3) "a Monell claim [of] a policy or custom of repeated constitutional violations, id. at 10; (4) violation of 42 U.S.C. § 1985, id. at 11; and (5) violation of 42 U.S.C. § 1986, id. at 12. The suit requests damages, declaratory relief, and an injunction barring the police department from continuing the policy. Id. at 14.

A plaintiff seeking pretrial injunctive relief[1] "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Natural Resources Def. Council, Inc., 555 U.S. 7, 20 (2008).

Turner has not shown a likelihood of irreparable harm. He says only that "there is the distinct possibility that a recurrence of the November 24, 2012, incident could arise sometime in the future, that would require Turner to register on the Jewish Sabbath." Dkt. 1 at 16. Turner has identified no looming Thursday holidays that coincide with a week he is required to register, and his speculation about "distinct possibilities" that might arise "sometime" does not establish any likelihood of irreparable harm, let alone "immediate" damage that will "result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65.

Accordingly, the Court DENIES Turner's *ex parte* application for a TRO.

**IT IS SO ORDERED.**

Dated: January 4, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[1] Turner's request for injunctive relief, which he sometimes refers to as an *ex parte* request for a temporary restraining order (TRO) and at other times calls a request for a preliminary injunction, see dkt. 1 at 16-17, was not properly made in a separately filed motion as required by Northern District of California Local Rule 7-1. Rather, Turner filed an omnibus 17-page document that included both his complaint and a request for injunctive relief after the signature page of his complaint. See dkt. 1. Because the Court has no reason to believe Defendants have received notice of this request (and Turner has failed to describe his efforts in that regard in violation of Fed. R. Civ. P. 65(b)(1)(B)), the Court will analyze the request as an *ex parte* application for a TRO.